| | |
|---|---|
| AARON READ, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )    No. 3:25-cv-01215 |
| v. | ) |
| | ) |
| | )    Judge Crenshaw |
| **METROPOLITAN GOVERNMENT** | )    Magistrate Judge Holmes |
| OF NASHVILLE AND DAVIDSON | ) |
| COUNTY, | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT METROPOLITAN GOVERNMENT'S ANSWER TO THE AMENDED COMPLAINT

Defendant, the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government" or "Metro"), hereby responds to the allegations in Plaintiff Aaron Read's Amended Complaint (Doc. No. 16) as follows:

1.      Admitted that Plaintiff brings his claims under the cited statute. Denied that Metro violated any of Plaintiff's rights.

## JURISDICTION AND VENUE

4[1].      Jurisdiction is not disputed.

5.      Venue is not disputed.

## PARTIES

7.      It is admitted that Plaintiff previously worked for Metro in the Nashville Fire Department ("NFD"). Defendant lacks sufficient information to admit or deny Plaintiff's allegation that he is a resident of Tennessee; thus, it is denied.

8.      Admitted.

---

[1] Defendant's answer mirrors the numbering used in the Amended Complaint.

## STATEMENT OF FACTS

9.      It is admitted that Plaintiff was employed as a paramedic with NFD and, like all paramedics, responded to fatalities and severe injuries. It is admitted that these situations may be stressful, but NFD provided, and continues to provide, multiple resources for employees' mental health. The remaining allegations are denied.

10.     It is admitted that Plaintiff responded to a multi-fatality incident. It is admitted that Plaintiff was not aware of, nor was he diagnosed with, having post-traumatic stress disorder ("PTSD") while employed with Metro. It is denied that his diagnosis was evident or should have been evident to Metro at any point during Plaintiff's employment.

11.     Denied.

12.     Defendant lacks sufficient information to admit or deny these allegations; thus, they are denied.

13.     Denied.

14.     It is denied that Plaintiff was disabled during his employment. Or that Metro had notice of any disability. Thus, it is denied that Plaintiff was entitled to a reasonable accommodation or the protections of the ADA.

15.     It is admitted that a meeting occurred on April 15, 2024, to discuss Plaintiff's falsifying patient medical records and that Plaintiff chose to resign instead of having charges brought against him under Metro's civil service rules. All remaining allegations are denied.

16.     It is admitted that the meeting was held to discuss documentation irregularities. All remaining allegations are denied.

17.     It is admitted that disciplinary charges, including termination, were discussed at the meeting. It is further admitted that falsifying patient medical records may impact an individual's licensure. All remaining allegations are denied.

18. It is admitted that Plaintiff resigned. All remaining allegations are denied.

19. Denied.

20. Denied.

## COUNT I: DISABILITY DISCRIMINATION

21. Metro incorporates by reference the admissions and denials in the preceding paragraphs as if fully set forth herein.

22. It is admitted that the Americans with Disabilities Act of 1990 ("ADA") prohibits discrimination based on a qualified individual's disability and that after an employee requests a reasonable accommodation an employer has a duty to provide a reasonable accommodation. It is denied that Plaintiff is disabled, otherwise qualified under the ADA, or requested a reasonable accommodation. It is further denied that Metro discriminated against Plaintiff or failed to provide a reasonable accommodation.

23 – 28. Denied.

## COUNT II: DISCRIMINATORY DISCHARGE & DISPARATE TREATMENT

29. Metro incorporates by reference the admissions and denials in the preceding paragraphs as if fully set forth herein.

30. It is admitted that the ADA prohibits discrimination. It is denied that Metro discriminated against Plaintiff.

31 – 38. Denied.

## COUNT III: ADA RETALIATION

39. Metro incorporates by reference the admissions and denials in the preceding paragraphs as if fully set forth herein.

40. It is admitted that the ADA prohibits retaliation. It is denied that Metro retaliated against Plaintiff.

41 – 45.   Denied.

## COUNT IV: FIRST AMENDMENT RETALIATION

46.   Metro incorporates by reference the admissions and denials in the preceding paragraphs as if fully set forth herein.

47 – 52.   Denied

## REQUESTED RELIEF

Denied that Plaintiff is entitled to the relief requested or to any other relief in general.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby denied, and strict proof is demanded thereof.

## GENERAL AND AFFIRMATIVE DEFENSES

1.   Metro denies that Plaintiff is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2.   Each employment action taken by Metro that concerned Plaintiff was for a legitimate, non-discriminatory or non-retaliatory reason.

3.   Metro did not violate any statutory or clearly established federal rights of Plaintiff.

4.   No custom, policy, or practice of Metro was the moving force behind any constitutional violation.

5.   At all times, Metro had specific policies and procedures in place protecting against unlawful discrimination, harassment, and retaliation, and these policies and procedures were well known to Plaintiff.

6.      Plaintiff failed to exhaust his available remedies prior to filing suit. Plaintiff's failure to satisfy conditions precedent bars his claims. Therefore, this action must be dismissed in its entirety.

7.      Plaintiff's claims are barred by waiver, acquiescence, ratification, collateral estoppel, res judicata, estoppel, and the applicable statutes of limitations.

8.      Plaintiff failed to mitigate his damages.

9.      Metro reserves the right to assert such additional defenses as may be revealed by discovery in this matter.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, Defendant Metro prays:

1.      That this be accepted as its Answer herein;

2.      That this cause be dismissed and held for naught;

3.      That all costs and other reasonable fees be charged to and borne by Plaintiff;

4.      That a jury hear all claims so triable; and

5.      For such other relief as the Court deems appropriate.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Melissa Roberge*
MELISSA ROBERGE (#26230)
   SENIOR COUNSEL
METROPOLITAN COURTHOUSE, SUITE 108
P.O. BOX 196300
NASHVILLE, TENNESSEE 37219
(615) 862-6341
melissa.roberge@nashville.gov
*Counsel for the Metropolitan Government*

{N0753483.1}                              5