**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **AARON READ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:25-cv-01215** |
| **v.** | ) | |
| | ) | **Judge Crenshaw** |
| **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,** | ) | **Magistrate Judge Hill** |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**STIPULATION AND AGREED ORDER**
**AUTHORIZING THE RELEASE OF PLAINTIFFAARON READ'S RECORDS**

As evidenced by the signatures below, these parties have agreed the Court hereby finds and orders the following:

Good cause has been shown to authorize and require disclosure of the records, documents and information identified or described in this Agreed Order to include confidential and/or protected health information pursuant to: 1) Rule 34 of the Federal Rules of Civil Procedure, 2) 45 C.F.R. §§ 160 and 164 of HIPAA, which specifically states that, "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protectedhealth information expressly authorized by such order," 3) 38 U.S.C. § 7332(b)(2)(D), 4) Tenn. Code Ann. §§ 33-3-104 and 33-3-105, 5) Tenn Code Ann. § 68-11-1503, and 6) and 42 U.S.C. § 290dd-2, 42 C.F.R §§ 2.1 and 2.2. This Order operates to allow the Department of Law to access Plaintiff's records, and is not a determination that any particular record accessed is admissible.

The Court hereby finds, based upon the stipulation and other evidence, that disclosure of the records, documents, and other information identified or described in this Agreed Order is necessary for the conduct of these proceedings and that failure to make the disclosure

would be contrary to public interest and to the detriment of a party to these proceedings. Moreover, good cause exists for the full and complete disclosure of treatment records and other records identified and described in this Order and the public interest and detriment to the parties outweighs the risk of injury to the patient, to the physician-patient relationship, and to the treatment services.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that the Metro Department of Law or its designated representatives shall be allowed by written request accompanied by a copy of this Order to inspect and/or obtain copies of the following records, documents or writings (collectively, the "Information"): 1) all employment records from 2020 to the present, 2) income tax returns, schedules, and attachments from tax year 2020 to the present, 3) hospital records from 2019 to the present, 4) medical records and reports from 2020 to the present, 5) pharmacy/prescription records from 2019 to the present, 6) counseling and other mental health records from 2019 to the present, 7) itemized billing records with payments-made information from 2020 to the present, 8) insurance records from 2020 to the present, **related to Aaron Read, whose birth year is 1985.**

The Department of Law or its designated representatives shall pay all costs of obtaining copies of the Information and will provide copies obtained pursuant to this Order, to plaintiff's counsel at no charge. If needed, Plaintiff shall promptly sign any further tax-release authorizations, or medical-release authorizations required in order to permit the release of the Information.

This Order requires the Department of Law or its designated representatives, to notify plaintiff's counsel in writing if such Information is requested or reviewed, and if not copied such notification shall specify in sufficient detail which records, documents or Information have been reviewed but not copied. This Order does not permit *ex parte* communications between the health care providers and the Department of Law or their representatives.

The Court imposes the following appropriate safeguards against unauthorized disclosure and hereby orders that the Information obtained through the use of this Order may only be usedor disclosed for the purposes of this litigation or proceeding. Except with the prior written consent of Plaintiff or his counsel or Order of the Court, the Information produced pursuant to this Order shall not be disclosed to any person other than: (a) counsel for the parties; (b) employees or agents of counsel for the parties; (c) any current or former employee of a party, to the extent deemed necessary by counsel for the production or defense of this litigation; (d) experts and consultants retained for the prosecution or defense of this litigation; (e) any authorized recipients (in the ordinary course of the health care provider's business) of the Information; or (f) the Court, court personnel, court reporters, and witnesses.

Any party intending to use the Information produced must review Local Rules 5.03 and 7.01 to determine whether the Information should be sealed. Such a motion to seal, even if unopposed, must demonstrate compelling reasons to seal the Information (whether entire documents or portions of documents) and that the sealing is narrowly tailored to those reasons. This provision is not a determination by the Court of the propriety of restricting access to Information produced pursuant to this Order; that determination will be made upon the filing of a compliant motion to seal.

This Order shall expire upon final disposition of this case and the Department of Law or its designated representatives shall be prohibited from using the Order thereafter. All Information obtained pursuant to this Order and all copies thereof will be destroyed within 30 days after the conclusion of this litigation or proceeding, whether by trial, appeal, settlement, or other final conclusion.

It is so ORDERED.

____________________________________

Lynda Hill
United States Magistrate Judge

APPROVED FOR ENTRY:

s/*Cody Johnson w/permission MSR*
Cody Johnson (#37568)
TURKLAY LAW, PLLC
Attorney for Plaintiff
102 East Main St. Suite A
Lebanon, TN 37087
(629) 200-7774
cody@turklaylaw.com
*Counsel for Aaron Read*

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
TYLER CHANCE YARBRO (#23553)
DIRECTOR OF LAW

*/s/ Melissa Roberge*
MELISSA ROBERGE (#26230)
SENIOR COUNSEL
NICHOLAS D. PANIAGUA (DC BAR #90006217)
ASSISTANT METROPOLITAN ATTORNEY
METROPOLITAN COURTHOUSE, SUITE 108
P.O. BOX 196300
NASHVILLE, TENNESSEE 37219
(615) 862-6341
melissa.roberge@nashville.gov
nick.paniagua@nashville.gov
*Counsel for the Metropolitan Government*